# EXHIBIT 2



CJ-12-1396
SWINTON

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.
MAR - 6 2012
PATRICIA PRESLEY, COURT CLERK
by_____ DEPUTY

| | |
|---|---|
| TERESA HUNT, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. |
| GEICO GENERAL INSURANCE COMPANY, | ) CJ-2012-1396 ) ) |
| Defendant. | ) |

## PETITION

1. Plaintiff is a resident of the state of Oklahoma. Defendant is a foreign corporation licensed by the Oklahoma State Insurance Commissioner to do business in the state of Oklahoma. This court has jurisdiction over the parties and subject matter, and is the proper venue in which to bring this action.

### FIRST CAUSE OF ACTION
(Bad Faith)

2. On or about March 25, 2010, Plaintiff, Teresa Hunt was involved in a motor vehicle accident which was caused by the negligence of one Adam Grimm. At the time of the accident, Adam Grimm maintained liability insurance with Farmers Insurance Company in a sum insufficient to adequately compensate Plaintiff for injuries received in said accident.

3. At the time of the accident, Plaintiff was insured under a policy of automobile insurance issued by Defendant, policy no. 4186-43-14-84, which policy contained uninsured/underinsured motorist vehicle coverage. The value of Plaintiff's personal injury claim exceeded the limits of liability carried by the respective negligent tort feasor.

4. The limits of liability carried by Adam Grimm at the time of the accident is holy inadequate to compensate Plaintiff for the injuries which she received in the accident. Whereby, Plaintiff is entitled to recover from Defendant the entire amount of her personal injury claim up to the full amount of liability insurance carried by Adam Grimm, plus the limits of underinsured motorist coverage carried by Plaintiff on all vehicles owned by Plaintiff or which Plaintiff may be, by definition, a named insured, which policies are carried with Defendant, Geico General Insurance Company. Plaintiff is entitled to recover the entire loss from the first dollar up to the policy limits of all available insurance policies.

5. That Plaintiff would provide the following timeline of events.

1

March 25, 2010 Ms. Hunt was involved in a car wreck caused by a third party insured.

On or about August 9, 2010- Ms. Hunt, through counsel, sent first demand letter to Geico asking for policy limits of $25,000.00 and a "first dollar" demand under the dictates of Burch v. Allstate, 977 P.2d 1057, (1999).

On or about August 23, 2010-Geico, through its representative, Kelly Wallace responded to Ms. Hunt's demand with a request for 3rd party policy limits confirmation.

On or about March 23, 2011- Ms. Hunt, through counsel, sent Geico confirmation of the third party policy limits in the amount of $50,000.00. Ms. Hunt received this information through formal discovery in her case against the third party insured, Adam Grimm.

On or about May 5, 2011, Ms. Hunt, through counsel, made her second demand for a policy limits "first dollar" payment under Burch v. Allsate.

On or about May 23, 2011, Geico, through its representative, Kelly Wallace sent a request for additional medical information and asking if the medical information she had was complete.

On or about June 6, 2011, Ms. Hunt, through counsel, sent updated specials to Geico for the evaluation of her claim.

On or about July 7, 2011, Geico, through its representative, Kelly Wallace, sent a letter stating she had evaluated Ms. Hunt's claim in the amount of $57,941.18. The letter further stated that because there was $50,000.00 available from the liability carrier, Geico was offering to pay $7,941.18.

On or about September 16, 2011, Ms. Hunt, through her counsel, sent a letter to Kelly Wallace stating the $7,941.18 offer had been received and asked Ms. Wallace to further explain how she came up with said number for her offer. (This letter was written by counsel to give GEICO a second chance to act in good faith and follow the dictates of Burch without need for further litigation.)

On or about October 3, 2011, Geico, through its representative, Kelly Wallace, responded to the September 16, 2001 letter with a more detailed explanation of her evaluation; however, Ms. Wallace still only offered the amount of $7,941.18 to Ms. Hunt.

Counsel then waited three months to give Geico further opportunity to potentially review the file and make the appropriate offer under Oklahoma law. When this did not occur, Ms. Hunt, through counsel, on January 2, 2012, sent a more detailed demand to GEICO, which more clearly described the dictates of Burch to Geico and demanding "first dollar" payment of $25,000.00.

Finally, on January 18, 2012, Geico, through its representative, Kelly Wallace, offered to pay the "first dollar" amount of $25,000.00. However, Geico demanded that before negotiating the settlement check, Ms. Hunt must sign and return the substitution of payment and receipt enclosed.

6. Defendant, Geico General Insurance Company intentionally and willfully failed to act fairly and in good faith in dealing with it insured, Plaintiff herein; failed to promptly evaluate and pay to Plaintiff a reasonable amount to adequately compensate her for injuries sustained in this accident in a timely manner; hid behind technicalities; wrongfully determined that the value of Plaintiff's personal injury claim was less than the limits of liability carried by Teresa Hunt; all in an attempt to deprive Plaintiff of a prompt, fair and equitable settlement of her personal injury claim, and intentionally and willfully caused a delay in the recovery of underinsured motorist benefits

7. The actions of Defendant in failing to deal fairly and in good faith and to promptly evaluate and pay to Plaintiff a reasonable amount to adequately compensate her for her injuries sustained in this accident in a timely manner and to pay the full amount of all available insurance coverage from the first dollar to the limits of all available coverage in a fair and reasonable amount in a timely manner, as well as facts alleged previously herein, constitute a violation of Defendant's duty of good faith on the part of Defendant and for punitive damages for Defendant's reckless disregard of his duty to deal fairly and acting in good faith towards its insured.

8. Plaintiff is seeking damages in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00).

## SECOND CAUSE OF ACTION
(Breach of Contract)

9. Plaintiff re-alleges and incorporates paragraphs 1 through 8 above, and further alleges and states the following:

10. On or about February 16, 2010, Plaintiff and Defendants entered into a contract for Uninsured/Underinsured Motorist's insurance.

11. The contract between Plaintiff and Defendants provides that Plaintiff shall pay a monthly premium, and Defendants shall provide insurance for personal injuries sustained by Plaintiff in a car accident wherein her damages are greater than the insurance carried by the negligent third party.

12. Plaintiff has paid her monthly premiums up to date, and Defendants have failed to provide insurance for Plaintiff's personal injuries sustained in the above referenced accident which are greater than the negligent third party's insurance coverage.

13. As a result of Defendants' breach of contract, Plaintiff has suffered damages in the amount of $500,000.00, plus attorneys fees, costs and interest.

14. In addition to the above, Plaintiff seeks punitive damages against Defendant for their actions/inactions in this matter.

WHEREFORE, Plaintiff, Teresa Hunt prays for judgment against Defendant, Geico General Insurance Company for compensation for personal injuries from the first dollar of all available insurance, including liability insurance carried by Teresa Hunt and underinsured motorist coverage with Defendant on all vehicle on which Plaintiff may be considered a named insured; for bad faith; for punitive damages; all in a sum in excess of $10,000.00 plus interests, costs, attorney fees and such other and further relief as to which Plaintiff may be entitled.

Respectfully submitted,

LAIRD, HAMMONS LAIRD, PLLC

Greg Laird, OBA#18093
Chris Hammons, OBA#20233
1230 S.W. 89th St., Suite A
Oklahoma City, OK 73139
Telephone: (405) 703-4567
Facsimile: (405) 703-4061
E-mail: greg@lhllaw.com
       hris@lhllaw.com
*Attorney for Plaintiff*

**ATTORNEY LIEN CLAIMED**